UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ANTHONY DIMAGGIO, | No. EDCV 10-1407 FFM |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying his application for a period of disability and Disability Insurance benefits. On October 12, 2010 and October 20, 2011, plaintiff and defendant, respectively, consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pursuant to the Case Management Order entered on September 27, 2010, on May 26, 2011, the parties filed a Joint Stipulation detailing each party's arguments and authorities. The Court has reviewed the administrative record (the "AR"), filed by defendant on March 23, 2011, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is reversed and the matter is remanded for further proceedings.

///

///

///

## PROCEDURAL HISTORY

On December 3, 2003, plaintiff filed an application for a period of disability and Disability Insurance benefits. Plaintiff's application was denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). ALJ Mason D. Harrell, Jr. held a hearing on April 12, 2005. Plaintiff appeared with counsel and testified at the hearing.

On September 16, 2005, the ALJ issued a decision denying benefits. Plaintiff sought review of the decision before the Social Security Administration Appeals Council and filed a second application for benefits. On August 24, 2006, the Appeals Council denied plaintiff's request for review. Plaintiff filed an action in this Court; the Court vacated the case and remanded it to defendant on November 30, 2009. The second application was associated with the original application on remand.

On May 18, 2010, the ALJ held an additional hearing. Plaintiff appeared with counsel and testified at the hearing. On July 6, 2010, ALJ Harrell issued a decision denying benefits.

Plaintiff filed his complaint herein on September 23, 2010.

## CONTENTIONS

Plaintiff raises three issues in this action:

1. Whether there is an inconsistency between the Dictionary of Occupational Titles (the "DOT") descriptions of Electronics Worker and Cashier II and the residual functional capacity found by the ALJ; and
2. Whether the ALJ properly considered if plaintiff meets or equals listing 1.02A.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d

841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

**DISCUSSION**

**1.     The DOT.**

Claims of disability are evaluated under a five-step sequential procedure. *See* 20 C.F.R. § 416.920(a)-(g). If, at step four of the procedure, the claimant meets his burden of establishing an inability to perform past work, at step five, the Commissioner has the burden of showing that he can engage in other substantial gainful work that exists in the national economy, taking into account his residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 416.920(g). The testimony of a vocational expert ("VE") may constitute substantial evidence of a claimant's ability to perform work which exists in significant numbers in the national economy when the ALJ poses a hypothetical question that accurately describes all of the limitations and restrictions of the claimant that are supported by the record. *See Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999); *see also Lewis*

///

*v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value").

Plaintiff contends that the ALJ impermissibly deviated from the DOT in finding that plaintiff could work.

The ALJ found that plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can stand and walk no more than two hours in an eight-hour day for 15 to 30 minutes at a time; he should use a cane and wear a knee brace as needed; he should avoid walking on uneven surfaces, but is not precluded from the activity; he can sit six hours in an eight-hour day with normal breaks such as every two hours; he should be able to stand and stretch as needed for one to three minutes at a time; he can lift and carry 10 pounds frequently and 20 pounds occasionally with one hand while using a cane with the other hand; he can occasionally stoop and bend; he can climb stairs, but cannot climb ladders, work at heights, or balance; his work environment should be as clean as an air-conditioned environment and free of excessive pollutants; he cannot squat, kneel, crawl, run, jump, or pivot; he cannot operate foot pedals or controls with his right lower extremity; there are no restrictions on the left side; he cannot operate motorized equipment or work around unprotected machinery; he is limited to repetitive tasks of up to three to four step instructions; he cannot perform fast-paced work like rapid assembly lines; he would miss work one to two times a month; and he is limited to impersonal interactions with coworkers and the public.

AR 600.

1       Based on the foregoing RFC, the VE testified that plaintiff could perform the
work of Electronics Worker (DOT 762.687-010) and Cashier II (DOT 211.462-010).
Both positions, argues plaintiff, are inconsistent with the RFC the ALJ assigned to
him. The Court finds that remand is warranted.

      As plaintiff asserts, the ALJ may deviate from the DOT, but only if: (1) the ALJ explains the deviation and (2) the record contains evidence supporting the deviation. *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) ("[I]n order for an ALJ to rely on a job description in the [DOT] that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation"); *see also Light v. Social Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997) (ALJ "may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation") (internal quotation marks omitted).

      A.    <u>Electronics Worker</u>

      According to the DOT, the Electronics Worker's activities include, among other things:

> 1. "Cleans and de-glosses parts, using cleaning devices, solutions, and abrasives";
> 2. "Applies primers, plastics, adhesives, and other coatings to designated surfaces, using applicators, such as spray guns, brushes, or rollers";
> 3. "[uses] hand tools and power tools" and
> 4. "Moves parts and finished components to designated areas of plant, such as assembly, shipping and receiving, or storage. Loads and unloads parts from ovens, baskets, pallets, and racks." DOT, 726.687-010 (4th Ed., 1991), 1991 WL 679633.

Moreover, the DOT specifically notes that "Toxic Caustic Chem." are present up to 1/3 of the time. *Id*.

Plaintiff claims that the limitations (1) requiring an environment "as clean as an air-conditioned environment and free of excessive pollutants"; (2) precluding the use of "motorized equipment" or working "around unprotected machinery"; and (3) allowing lifting and carrying only "10 pounds frequently and 20 pounds occasionally with one hand while using a cane with the other hand" are inconsistent with the DOT requirements quoted above.[1]

Defendant contends that the VE was well aware of the RFC posited by the ALJ and therefore knew that plaintiff could perform the tasks of Electronics Worker which might include only a subset of the description of activities in the DOT. However, although the VE testified that plaintiff's RFC was consistent with the DOT descriptions, the VE did not explain the apparent deviations noted above or describe any subcategories of Electronics Worker's activities or testify that any such subcategories existed in significant numbers in the national or local economy. Similarly lacking is anything in the decision to explain the deviation.

B. <u>Cashier II</u>

According to the DOT, Cashier II requires a reasoning level of 3, it also requires a large amount of public contact (including talking 1/3 to 2/3 of the time and hearing 1/3 to 2/3 of the time). Plaintiff contends that these requirements are in excess of plaintiff's limitation "to repetitive tasks of up to three to four step instructions" and "to impersonal interactions with coworkers and the public."

Defendant argues that the VE took these deviations into account by eroding the number of jobs by 90%. However, again because the VE offered no explanation, it is not clear whether the erosion related to the limitation regarding interactions with people or to the reasoning level, or to something else. Therefore, remand is required with respect to this issue.

---

[1] Plaintiff also argues that the limitation to avoid walking on uneven surfaces is also implicated. The Court finds this argument to be speculative, as nothing in the Electronics Worker description mentions walking on uneven surfaces.

**2.     Listing 1.02A**

Listing 1.02A states:

> 1.02 *Major dysfunction of a joint(s) (due to any cause):*
> Characterized by gross anatomical deformity (e.g., subluxation, contracture, boney or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, boney destruction or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b . . . .

20 C.F.R. Pt. 404, Supt. P, App. 1, § 1.02 (emphasis in original).

Plaintiff claims that, given the objective findings of plaintiff's internal derangement and degenerative changes in the right knee, if plaintiff has an inability to ambulate he meets listing 1.02A. Plaintiff also contends that the RFC limitation that plaintiff "should avoid walking on uneven surfaces, but is not precluded from the activity" translates to a finding that plaintiff cannot ambulate effectively. If the ALJ had found that plaintiff is precluded from walking on uneven surfaces, plaintiff's argument would have merit. However, plaintiff is not precluded from that activity and therefore he fails to meet the requirements of Listing 1.02A.

Plaintiff also contends that the ALJ did not take plaintiff's obesity into account. However, the ALJ found that plaintiff's obesity was a severe impairment. The ALJ also specifically stated that he considered plaintiff's obesity in connection with plaintiff's other limitations in concluding that plaintiff does not meet a listing. (AR 599.)

Therefore, remand is not required with respect to this issue.

///

**CONCLUSION**

For the foregoing reasons, the judgement of the Commissioner is reversed and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED: June 28, 2011

                                          /S/ FREDERICK F. MUMM
                                          FREDERICK F. MUMM
                                          United States Magistrate Judge